(Reap. Dec. 11069)

PANATION TRADE CO. *v.* UNITED STATES

Entry No. 2668, etc.

(Decided September 27, 1965)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

OLIVER, Judge: The following appeals for reappraisement, enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court as follows:

1. That the involved merchandise consists of cigarette lighters exported from Japan after the effective date of the Customs Simplification Act of 1956 (T.D. 54165) ; that the involved merchandise is not identified on the Final List published by the Secretary of the Treasury pursuant thereto (T.D. 54521) and

that appraisement was accordingly made under Section 402 of the Tariff Act of 1930 as amended by the said Customs Simplification Act.

2. That the merchandise, the facts, and the issues herein are the same in all material respects as those involved in *Panation Trade Co.* v. *United States,* A.R.D. 181, and that the record in the said cited case may be incorporated herein.

3. That on or about the date of exportation of the involved merchandise, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses, incidental to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit ex-factory prices.

4. That the appeals enumerated in Schedule "A" annexed may be submitted for decision upon this stipulation and upon the incorporated record, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts and following the cited decision on the law, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and hold that such statutory values for the involved merchandise are the invoice unit ex-factory prices.

As to all other merchandise included on the invoices covered by the entries involved herein, the appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.